UNITED STATES of America, Plaintiff,

v.

Veronica JOYNER, Defendant.

No. 87 CR 579.

United States District Court,
N.D. Illinois, E.D.

Sept. 17, 1987.

Anton R. Valukas, U.S. Atty. by Thomas J. Scorza, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

John A. Meyer, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Before this court are defendant's pretrial motions. Each motion is addressed below.

### I. *Motion to Dismiss or Clarify Counts Five, Seventeen and Twenty of the Indictment*

Defendant Veronica Joyner ("Joyner") asserts that Counts Five and Seventeen are duplicitous because each charges her with making a false statement to the Small Business Administration that a disbursement on a guaranteed loan "would be" and "was used" to purchase grain. According to Joyner, the foregoing "would be" and "was used" language improperly charges her for both a statement as to her future intentions and a statement as to past events. As such, Joyner asserts each count charges her with two separate false statements. In light of Joyner's objections, the government agrees to this court's order striking the words "and was" from both Counts Five and Seventeen.

Regarding Count Twenty, Joyner objects to being charged in one count with making a series of false statements to a federally insured bank between May and December 1984. Joyner asserts that the government's failure to detail each of her allegedly false statements to the bank inadequately apprises her of the charges she faces and presents a substantial risk she may later be reindicted for some of the same activity, resulting in double jeopardy.

The government points out, however, all Rule 16 and § 3500 material has already been disclosed. These disclosures contain the documentary evidence the government will seek to introduce to prove the series of false statements Joyner allegedly made to

the bank. As such, the information Joyner needs to ascertain the conduct with which she is being charged has already been provided. Similarly, Joyner's fears of subjection to double jeopardy are undercut by the government's early disclosures. At trial, the government will attempt to introduce the documents relating to the questioned banking transaction as evidence of the charged false statements. The trial transcript will thus protect Joyner from the possibility of future relitigation of factual issues resolved in this case. *See United States v. Patterson*, 782 F.2d 68, 73–75 (7th Cir.1986) (where indictments are broadly worded, review of trial transcript of earlier prosecution resolves claims of relitigation). Accordingly, Joyner's motion to dismiss Count Twenty is denied.

## II. *Motion for a Pretrial Evidentiary Hearing on Materiality as to Count Twenty-Three*

■ Joyner moves for a pretrial evidentiary hearing on the materiality of the false statement charged in Count Twenty-Three of the indictment. That count charges Joyner with having made a false statement to an FBI agent on April 10, 1987 concerning a June 6, 1983 disbursement of $132,000 from a loan and line of credit extended by the Michigan Avenue National Bank. Joyner is correct that the materiality of a statement charged under 18 U.S.C. § 1001 is a question of law for the court to decide. *See United States v. Brantley*, 786 F.2d 1322, 1327 (7th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 3284, 91 L.Ed.2d 572 (1986).

■ However, no authority cited by Joyner suggests this court is required to conduct a pretrial hearing to make the materiality determination. Although this court expresses no final ruling at this time, the evidence possessed by the government makes the likelihood that Joyner will prevail on the materiality issue very doubtful. In the event, however unexpected, that the government is unable to produce sufficient evidence on the issue of materiality, this court will dismiss Count Twenty-Three and issue a proper limiting instruction to the jury sufficient to remove any prejudice the evidence submitted on Count Twenty-Three

may have caused. As a result, Joyner's motion for a pretrial hearing on Count Twenty-Three is denied.

## III. *Motion for Severance*

Finally, Joyner motions this court for severance on the ground she believes her co-defendant, Timothy M. Turk, will testify at their joint trial that he acted innocently and that Joyner was responsible for making any false and fraudulent statements to federal agencies and federally insured banks. Joyner asserts in her motion that her defense at trial will be that all statements she made to the above-mentioned entities were truthful and that she was not responsible for any embezzlement of government funds. Asserting the two anticipated defenses are "mutually antagonistic," Joyner argues a severance is mandated.

■ Although the law is clear that where two defenses are mutually antagonistic a severance is required, the standard for granting a severance on such grounds is quite strict. Defenses are mutually antagonistic only where accepting one co-defendant's theory of defense actually forecloses another's acquittal. *United States v. Bruun*, 809 F.2d 397, 407–08 (7th Cir. 1987). This standard presents a number of difficulties for Joyner's instant motion.

■ First, Joyner submits no affidavits by Turk or herself which commit either to a particular theory of defense. As such, this court is forced to speculate on what the defenses at trial will actually be. Moreover, the theory which Joyner proposes Turk will advance seems unlikely given the government's representation that it possesses documentary evidence which clearly shows Turk's personal and repeated involvement in the preparation and submission of many of the false documents charged and implicated in this case. Thus, the most likely defense Turk could rationally advance under oath is that he was less culpable than Joyner. The law is clear such a defense does not require a severance. *See United States v. Ambrose*, 740 F.2d 505, 513 (7th Cir.1984), *cert. denied*

472 U.S. 1017, 105 S.Ct. 3479, 87 L.Ed.2d 614 (1985).

 Even assuming Turk does advance the defense Joyner predicts, case law does not indicate a severance is appropriate. In *United States v. Bruun*, a defendant named Berkovitz motioned for a severance on the ground his co-defendant, Bruun, intended to present the defense that he was merely following Berkovitz's instructions in making allegedly false representations in connection with obtaining loans from a federally insured bank and was unaware of any illegal activity. *Bruun*, 809 F.2d at 407. Affirming the district court's denial of severance, the Seventh Circuit ruled that the acceptance of Bruun's defense did not necessarily preclude the jury from accepting Berkovitz's defense that the government had failed to prove his guilt beyond a reasonable doubt. *Id.* Reaching this determination, the court observed that although hostility and finger pointing among the defendants existed during the trial, that fact did not necessitate the granting of a severance. *Id.*

The theories of defense alleged in the present case to be mutually antagonistic bear a striking resemblance to those in *Bruun*. Here, as in *Bruun*, one co-defendant allegedly plans to testify he was ignorant to any illegal activity and if any occurred, it must have been the other's doing. Likewise, the moving defendant in both cases asserts the defense that his or her activities were not unlawful. As in *Bruun*, this court can anticipate that if Turk puts on the type of defense Joyner believes he will, a certain amount of finger pointing will occur and a certain degree of hostility will develop among the co-defendants. This does not, however, mandate that a severance be granted, as the jury could logically accept Turk's defense that he acted innocently without necessarily rejecting Joyner's defense that the statements she made were truthful. As such, Joyner's motion for a severance is denied.

### IV. *Conclusion*

For the foregoing reasons, Joyner's motion to clarify Counts Five and Seventeen is granted. However, Joyner's motion to dismiss Count Twenty, motion for a pretrial hearing on Count Twenty-Three, and motion for severance are denied.

IT IS SO ORDERED.